UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETER FENG SHIH; MAN YI CINDY NG,

    Plaintiffs,

    -against-

FLAGSTAR BANK FSB; METROPOLITAN
LIFE INSURANCE COMPANY; FEIN, SUCH
AND CRANE, LLP,

    Defendants.

23-CV-3375 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Peter Joseph Polinski states that he is "a living sentient being with sound mind and good

Conscience." (ECF 1 at 2.) He seeks to bring this action as "third-party intervenor, Next Friend,

Attorney in Fact, [and] Private Attorney General," acting for Plaintiffs Peter Feng Shih (who is

also known as Chin Feng Shih) and Man Yi Cindy Ng. Polinski has also filed a "Memorandum

to Practice Law," which states that he wishes "to bring to the attention of the court 'unalienable

right' of the people to practice law." (ECF 3 at 1.) For the reasons set forth below, the Court

dismisses this action without prejudice to Plaintiffs Shih and Ng pursuing any claims that they

may have *pro se* or through a licensed attorney admitted to practice in this Court.[1]

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

---

[1] Polinski has signed the *in forma pauperis* application on behalf of Plaintiffs. He states, improbably, that they have no expenses or income. He further indicates that they have $7.00 in total assets. (ECF 7 at 2.) It would be futile to require Plaintiffs to submit their own signed IFP applications, because even if they did so, Polinski cannot prosecute the complaint that he has written on their behalf.

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

## BACKGROUND

Peter Joseph Polinski seeks to litigate this action on behalf of Plaintiffs Peter Feng Shih

and Man Yi Cindy Ng. Polinski asserts the following:

> [I]t is I alone, who shall determine my status, standing, honor and jurisdiction. I
> hereby invoke and stand upon all my natural rights, given by my God, which are
> written in the documents listed below. These, and all others, are universally
> known as supreme law of the land:• The Holy Bible, KJV 1611 GOD's Laws are
> Superior Law,• 1215 Magna Charla,• 1606 The First Charter of Virginia,• 1620
> Mayflower Compact,• 1628 Petition of Rights,• 1689 English bill of rights,• 1765
> The Declaration of rights in congress at New York,• 1774 The Declaration of
> rights in congress at Philadelphia, • 1775 The Declaration of Arms, • 1776 The
> Virginia Declaration of rights, • 1777 the Articles of Confederation, • 1783 Treaty
> of Peace, • 1787 Northwest Ordinance, •1789 The Constitution for the united
> States of America, • 1791 The Bill of Rights, • 1868 The Constitution of The
> United States of America,• 1864, 1929 and 1949 The Geneva Conventions,• 1948
> The Universal Declaration of Human Rights,• 23 March 1976 The International
> Covenant of Civil and Political Rights, Articles 1-27, • 1639 Fundamental Orders
> of 1639, • 1641 Grand Remonstrance.

(ECF 1 at 3.)

The complaint includes allegations that, in 2005, Plaintiffs signed a Promissory Note for an adjustable rate mortgage loan with a period of interest-only payments "in the amount of $380,000.00 with Flagstar Bank FSB Loan Num: XXXXXX1665, Index# 817483/2022E." (*Id.* at 4, 6-7 at ¶ 10.) Polinski asserts that Plaintiffs "are the only living persons that signed said Promissory Note, meaning they created the funds from their Cestui Que Vie accounts through the U.S. Treasury Department." (*Id.* at 5.) Flagstar allegedly "misappropriated the trust funds" and "became unjustly enriched." (*Id.*) Moreover, on June 29, 2022, "Metropolitan Life Insurance Company began fraudulently servicing and administrating the estates." (*Id.* at 6, ¶ 8.)

Polinski also argues that Plaintiffs "only exchanged the GENIUINE ORIGINAL PROMISSORY NOTE for 'credit' . . . with the FEDERAL RESERVE SYSTEM." (*Id.* at 7, ¶ 11.) He further asserts that Defendants have only "made a currency exchange" in this matter and are "using a corporate entity and/or TRUST in furtherance of fraudulent act(s)." (*Id.* at 7, ¶ 12.)

Polinski invokes federal criminal statutes, asserting that "FLAGSTAR BANK FSB AND METROPOLITAN LIFE INSURANCE COMPANY are in violation of 18 U.S.C. § 651, [which] relates to the disbursement of public funds and prohibits disbursing officers from falsely certifying full payment of government obligations." (*Id.* at 26, ¶ 45F) He also contends that Defendants, all of whom are private parties, have violated the U.S. Constitution:

> [Defendants] deprived, conspired and violated PETER FENG SHIH A.K.A. CHIN FENG SHIH AND MAN YI CINDY NG's Constitutional Rights by not, negotiating lawful tender per the Ninth (9th) Amendment: The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people. Article 1 §10: "No State shall . . . pass any . . . Law impairing the Obligation of Contracts."

(*Id.* at 27.)

3

The complaint also asserts claims against the law firm of Fein, Such, and Crane, LLP, on the ground that its attorneys "placed a false claim in Supreme Court, County of Bronx." (*Id.* at 39, ¶ 65.) It is further alleged that:

> [B]y creating a fraudulent foreclosure, FEIN, SUCH AND CRANE, LLP are guilty of 18 U.S. Code § 2319 - Criminal infringement of a copyright. FEIN, SUCH AND CRANE, LLP have no authorization from Peter and Cindy to utilize their copyrighted information to foreclose upon them.

(*Id.* at 39, ¶ 64.)

A document from the Internal Revenue Service, which is attached to the complaint, states:

> Thank you for applying for an Employer Identification Number (EIN). We assigned you EIN XX-XXXX429. This EIN will identify your estate or trust. . . .
>
> After our review of your information, we have determined that you have not filed tax returns . . . dating as far back as 2000.
>
> We assigned you a tax classification (corporation, partnership, estate, trust, EPMF, etc.) based on information obtained from you or your representative. It is not a legal determination of your tax classification, and is not binding on the IRS.

(*Id.* at 52.)[2]

Named as defendants in this action are Flagstar Bank FSB; Metropolitan Life Insurance Company; and Fein, Such, and Crane, LLP. The complaint seeks damages of $45,500,000, based in part on "trademark infringement," and also seeks "reasonable attorneys' fees." (*Id.* at 49.)

---

[2] Some of the submissions, which are captioned for the United States District Court for the Northern District of New York, refer to Polinski as plaintiff and appear to have been copied in part from his own unsuccessful suits in that district. *See Polinski v. USA Inc.*, 6:20-CV-1534, 2021 WL 1404580 (N.D.N.Y. Apr. 14, 2021) ("The haphazard collection of facts and allegations does not provide any indication of the causes of action Plaintiff intends to assert or whether this Court has jurisdiction over the action."); *see also Polinski v. Oneida County Sheriff*, No. 6:23-CV-00316, 2023 WL 2988753 (N.D.N.Y. Apr. 18, 2023) (complaint alleging that "Plaintiff Peter Joseph Polinski is a Helio Gnostic Priest from the Melchizedek Order, a son of the Most High," and that, during an investigation, he "explained to an Oneida County Sheriff that the instruments were legal tender," dismissed as frivolous and for failure to state a claim on which relief can be granted, with leave to replead).

Polinski submits a document, titled "Memorandum to Practice Law," which states that he wishes "to bring to the attention of the court 'unalienable right' of the people to practice law." (ECF 3 at 1.) In Polinski's view, "the practice of Law CANNOT be licensed by any state/State"; "[t]he practice of Law is AN OCCUPATION OF COMMON RIGHT"; and "[t]he state bar card is not a license, it is a union dues card." (*Id.* at 1-3). Although this is a civil action, not a criminal action, Polinski further asserts that "[t]he 6th Amendment is very specific, that the accused only has the right to the assistance of counsel and this assistance of counsel can be anyone the accused chooses without limitations." (*Id.* at 3.)

## DISCUSSION

Peter Joseph Polinski seeks to represent Plaintiffs. He describes his role as acting as their "third-party intervenor, Next Friend, Attorney in Fact, [and] Private Attorney General." (ECF 1 at 1.) Polinski does not indicate that he is a lawyer, and public records do not show that he is an attorney admitted to practice in the State of New York or in this district. Plaintiff's arguments that anyone can act as counsel and that no licensing is required (or allowed) are not grounded in law and are frivolous. His reliance on the Sixth Amendment, which is not applicable to civil proceedings, is also misplaced.[3]

Contrary to Polinski's assertions, it is well established that, with limited exceptions not applicable here, "an individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008); 28 U.S.C. § 1654. The Second Circuit has explained that Section 1654 "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental

---

[3] There is no Sixth Amendment right to appointment of counsel for civil matters. *Hendricks v. Coughlin,* 114 F.3d 390, 392 (2d Cir. 1997) (quoting *Hodge v. Police Officers, 802* F.2d 58, 61-62 (2d Cir. 1986))

regulatory body, and that by a person representing himself.'" *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (citation omitted). Polinski has brought several suits on his own behalf, which he can do. *See Polinski*, No. 6:20-CV-1534 (N.D.N.Y.); *Polinski*, No. 6:23-CV-00316 (N.D.N.Y.). As a nonlawyer, however, Polinski cannot represent another. *Eagle*, 926 F.2d at 1308 ("The statute does not allow for unlicensed laymen to represent anyone else other than themselves."). This action, in which the complaint and associated documents state that they are written by Polinski and  certain of the documents are signed only by Polinski, is therefore dismissed in its entirety. This dismissal is without prejudice to Plaintiffs bringing any claims that they may wish to make.[4]

Although at this stage the record is insufficient for the Court to make findings on the matter, it appears that that Polinski may be engaged in the authorized practice of law. The Court encourages Polinski to make a good faith investigation into this issue before bringing any further legal matters on behalf of another.  See Federal Rule of Citil Procedure 11.

## CONCLUSION

The complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed in its entirety because non-attorney Peter Polinski cannot represent Plaintiffs. This dismissal is without prejudice to Plaintiffs bringing, on their own behalf or through licensed counsel, any claims they wish to make.

---

[4] The complaint drafted by Polinski relies on firmly repudiated arguments. As with the suits that Polinski filed on his own behalf, this complaint is "replete with pseudo-legal jargon of the kind typically used by litigants who affiliate themselves with the sovereign citizen movement." *Polinski*, 2023 WL 2988753, at *3 (noting that complaint invoked "theories presented by redemptionist and sovereign citizen adherents [that] have not only been rejected by the courts, but also recognized as frivolous and a waste of court resources.").

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this matter.

SO ORDERED.

Dated:   June 12, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge